### Richmond

CLARENCE C. THOMPSON

v.

HAMPTON INSTITUTE

and

ROCKWOOD INSURANCE COMPANY

No. 0461-86-2

Decided February 17, 1987

COUNSEL

David F. Pugh (Stone, Bland and Pugh, on brief), for appellant.

Ralph L. Whitt, Jr. (Sands, Anderson, Marks and Miller, on brief), for appellees.

OPINION

BAKER, J.— This is an appeal by Clarence C. Thompson (claimant) from a decision of the Industrial Commission of Virginia (Commission) which denied claimant's request for the resumption of payments of workers' compensation benefits which had been discontinued due to claimant's unjustified refusal to accept selective employment.

Claimant sustained a compensable back injury on March 21, 1984 while in the employ of Hampton Institute (employer). An award was entered on January 10, 1985. Subsequently, employer offered claimant selective employment which was within his capacity to perform. When claimant refused the employment, the Commission ordered that his compensation benefits be terminated effective February 6, 1985.

On July 25, 1985, claimant filed an application requesting that his benefits be restored, asserting that on July 9, 1985, he cured his wrongful refusal of selective employment by advising employer of his willingness to accept the job he previously was offered or like work within the restrictions approved by the attending physician. The deputy commissioner denied claimant's request, stating that "claimant's willingness to return to selective work comes too late."[1] We do not agree with the ruling of the Commission which

---

[1] The deputy commissioner found that at the time claimant attempted to cure his refusal, the procured selective employment had been filled and was no longer available. The record, however, does not disclose the date the position was filled. Our decision is not dependent upon when or whether the selective employment had been filled at the time claimant notified employer that he would accept its offer.

affirmed the decision of the deputy commissioner.

■ If an injured employee who is receiving compensation benefits "refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal." Code § 65.1-63. The clear mandate of that section is to permit the employer to suspend payment of benefits to an employee who refuses selective employment procured for him which is within the employee's capacity to perform. We have, however, construed that section of the Code to permit an employee to cure a prior unjustified refusal to accept selective employment so that benefits may be resumed.

> When compensation benefits are terminated pursuant to the provisions of Code § 65.1-63, based upon a claimant's unreasonable refusal to accept selective employment, benefits may be resumed when the claimant ceases his refusal.

*K & L Trucking Co. v. Thurber*, 1 Va. App. 213, 220, 337 S.E.2d 299, 303 (1985). When claimant advised employer on July 9, 1985 of his willingness to accept the previously offered selective employment, his refusal ended and thus was cured. We have not held that the passage of time alone bars an employee's ability to cure the refusal. No such legislative intent is disclosed in the Code. We hold that the legislature intended to foreclose benefits *only* so long as the unjustified refusal continued regardless whether the procured selective employment was available at the time the refusal ceased.

The Court of Appeals of Georgia has considered the issue before us. In a case with facts and a statute almost identical to those contained in this record, that Court held:

> When an employer procures a light job which an injured employee can perform and the employee refuses the job, Code § 114-407 requires that compensation be suspended only "during the continuance of such refusal." The refusal does not forever ban receipt of future compensation should the availability of suitable light work cease. Since the reason for the suspension of payments no longer exists, compensation must be resumed.

*Liberty Mutual Insurance Co. v. Neal*, 140 Ga. App. 585, 586, 231 S.E.2d 574, 575 (1976) (citations omitted); *see also Coats & Clark, Inc. v. Thompson*, 166 Ga. App. 669, 670, 305 S.E.2d 415, 416 (1983) (wherein the court noted that the employer unequivocally stated that the offer of light work no longer existed). Similar issues were reviewed and decided favorably to the employee in *Steward v. Westran Corp.*, 130 Mich. App. 68, 343 N.W.2d 7 (1983), and *P.P.G. Industries, Inc. v. Workmen's Compensation Appeal Bd.*, 7 Pa. Commw. 588, 300 A.2d 902 (1973).

■ We hold that when an employee who previously unjustifiably refused selective employment which was procured for him, thereafter, in good faith, advises his employer that he is willing to accept such work or work of like kind, the employer must resume the payments for compensable injuries even though the procured selective employment may no longer be available.

Accordingly, we reverse the judgment of the Commission and remand this cause for such further hearing as may be necessary to determine the extent of claimant's incapacity at the time he expressed willingness to accept selective employment, and to determine what benefits, if any, he is entitled pursuant to such finding.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.