409 S.E.2d 637 (1991)
HERCULES, INC., et al.
v.
Larry Douglas CARTER.
Record No. 1752-90-3.
Court of Appeals of Virginia.
October 8, 1991.
Rehearing En Banc Granted November 15, 1991.
*638 James C. Joyce, Jr. (Gentry, Locke, Rakes & Moore, on briefs), for appellants.
Berrell F. Shrader (Dutton Olinger, on brief), for appellee.
Present: COLEMAN, DUFF and MOON, JJ.
COLEMAN, Judge.
In this workers' compensation appeal, we hold that an employee who applies to reinstate his temporary total benefits after the commission suspended them because he unjustifiably refused the employer's offer of selective employment need not establish that he continues to be disabled from the work-related accident. The employee contends that in order to have his benefits reinstated, he need only prove that he agreed to accept the offer and thereby cured his earlier refusal to accept selective employment. The employer contends that after compensation benefits have been terminated, the employee must file an application for a change of condition, which requires the employee to prove that he continues to be disabled as a result of the industrial accident.
At the hearing to have his disability benefits reinstated, Larry Douglas Carter failed to prove that he had a continuing disability. Nevertheless, the commission held that Carter was entitled to have benefits reinstated upon showing that he cured the unjustified refusal of selective employment, and that he was not required to establish that he continued to be disabled from the work-related accident. We agree and affirm the commission.
Carter sustained an injury on April 29, 1987. The employer accepted it as compensable pursuant to Code § 65.1-54. The commission entered an award on May 13, 1987. Carter received weekly temporary total benefits until October 4, 1989, at which time the commission suspended them because, in violation of Code Code § 65.1-63, Carter had refused the employer's offer of selective employment. The commission suspended benefits "for so long as the claimant's unjustified failure to accept selective employment continues." The day after the commission's ruling, Carter sent a letter to the employer and the Industrial Commission stating he was willing to fully comply with selective employment placement. He requested reinstatement of temporary total disability benefits and payment of all applicable cost of living allowances. Because the employer did not voluntarily reinstate or resume payment of temporary total benefits, the commission docketed the letter as an Application for Hearing.
At the hearing, the employer contended that Carter was not entitled to have the benefits reinstated because he had not cured his refusal of selective employment, he had failed to market his residual work capacity, and he had failed to prove a continuing disability related to the industrial accident. The commission found that Carter's offer to cooperate with the employer's efforts to obtain selective employment was adequate to cure the unjustified refusal. The commission ordered the employer to *639 resume payment of compensation benefits under the award. This appeal followed.
The employer does not challenge the commission's finding that Carter cured his unjustified refusal of selective employment. However, the employer argues that after the commission terminated the award, in order to resume payments, the employee was required to follow the procedure to establish a change of condition, which the commission did not require. The employer contends that under the statutory scheme of the Workers' Compensation Act, the only means provided for a claimant to obtain a resumption of benefits is to enter into an agreement with the employer or to prove a change in condition after applying for a hearing under Code § 65.1-99. The employer argues that the only instance in which a claimant who applies for a resumption of benefits need not show a change in condition is under Code § 65.1-56, which allows a claimant to file an application to resume temporary total or temporary partial disability benefits at the conclusion of the permanency award.
We hold that the commission's action in suspending the payment of benefits under Code § 65.1-63 for refusing suitable employment procured for a disabled employee does not terminate the award. Rather, it discontinues entitlement to the payment of benefits "during the continuance of such refusal." The discontinuance of benefits under the provisions of Code § 65.1-63 has the same effect as a suspension of benefits under Code § 65.1-88, where the employee unjustifiably refuses to accept medical services. Whether the benefits are discontinued during the period of unjustified refusal of selective employment or suspended during the period of unjustified refusal of medical treatment, the purpose and result are the same. Under Code § 65.1-63, the claimant "shall not be entitled to any compensation... during the continuance of such refusal," and under Code § 65.1-88(B), the refusal "shall bar the employee from further compensation until such refusal ceases."
We are unpersuaded by the argument that because Code § 65.1-88 specifically uses the term "suspension" of benefits, while Code § 65.1-63 does not, that Carter's benefits were not merely suspended. The two sections have been historically treated and discussed in conjunction with one another. See, e.g., Transfer v. Dicks, 229 Va. 548, 331 S.E.2d 449 (1985). The intent of the two sections is to penalize employees who unjustifiably refuse to cooperate with their employers. See Davis v. Brown & Williamson Tobacco Co., 3 Va. App. 123, 127, 348 S.E.2d 420, 421 (1986); Thompson v. Hampton Institute, 3 Va. App. 668, 670, 353 S.E.2d 316, 317 (1987). In 1956, after the decision of J.A. Jones Construction Co. v. Martin, 198 Va. 370, 94 S.E.2d 202 (1956), the legislature broadened the definition of "a change in condition" to include more than just a change in physical condition. "Change in condition... [includes] any change in the conditions under which compensation was awarded or terminated which would affect the right to, amount of, or duration of compensation." Code § 65.1-8 (emphasis added). However, suspending payments "during the continuance of [an unjustified] refusal" of selective employment pursuant to Code § 65.1-63 is not a "condition under which compensation was ... terminated."
A discontinuance of benefits for unjustified refusal of selective employment under Code § 65.1-63 occurs for reasons wholly unrelated to proving or failing to prove the causal connection between disability and an accident. A finding that the employee has not cooperated with the employer does not include a finding that the employee is no longer disabled. For that reason, when a claimant requests a hearing in order to prove that his failure to comply with Code § 65.1-63 no longer exists, the procedure is not controlled by King's Market v. Porter, 227 Va. 478, 317 S.E.2d 146 (1984), which held that an employee filing a change in condition application raises the issue of capacity to work and also whether the alleged incapacity is due to a condition causally connected with the injury originally compensated. Id. at 483, 317 S.E.2d at 148. A change in condition, such as in King's Market, involves situations where benefits have been terminated because the claimant has *640 returned to work or is no longer disabled. A request to reinstate benefits for disability necessarily raises the issue of causation.
Here, however, the employee's benefits were not terminated for any reason relating to causation associated with the compensable injury. Benefits were discontinued because the claimant failed to meet part of his duties as required under the statutory scheme. Therefore, while Code § 65.1-99 and Rule 13 of the Industrial Commission provide the only mechanism for review upon a change in condition, an application to resume payments under the outstanding award on the basis that the refusal of selective employment has been cured, like agreement to accept medical treatment, does not come within the definition of change in condition. We, therefore, reject the employer's argument that an application for hearing to resume benefits under Code § 65.1-63 is governed by Code § 65.1-99 and Rule 13 of the Industrial Commission.
Code § 65.1-63 states: "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Industrial Commission such refusal was justified." (emphasis added). The statute provides that the claimant is not entitled to benefits only during a specific time period. We have consistently treated a discontinuance of benefits for a violation of Code § 65.1-63 as a suspension. In K & L Trucking Co. v. Thurber, 1 Va.App. 213, 337 S.E.2d 299 (1985), we stated that "[w]hen compensation benefits are terminated pursuant to the provisions of Code § 65.1-63, based upon a claimant's unreasonable refusal to accept selective employment, benefits may be resumed when the claimant ceases his refusal." Id. at 220, 337 S.E.2d at 303. In Thompson v. Hampton Institute, we held:
that the legislature intended to foreclose benefits only so long as the unjustifiedrefusal continued regardless whether the procured selective employment was available at the time the refusal ceased.
[W]hen an employee who previously unjustifiably refused selective employment which was procured for him, thereafter, in good faith, advises his employer that he is willing to accept such work or work of like kind, the employer must resume the payments for compensable injuries even though the procured selective employment may no longer be available.
3 Va.App. at 670-71, 353 S.E.2d at 317 (emphasis in original). See also Washington Metropolitan Area Transit Authority v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985).
The decision of the Industrial Commission is therefore affirmed.
Affirmed.
MOON, Judge, dissenting.
I dissent because I believe there are valid policy reasons for placing the burden of proof on the claimant rather than the employer in this type of case.
First, by placing the burden of proof on the employer, the claimant frequently will be able to obtain additional benefits to which he is not entitled. After a claimant has made a full recovery and reported to the employer that he is willing to accept selective employment, the employer will have to begin paying the claimant even if no job is currently available and even though the job would have been available if the claimant had properly accepted it when it was first offered. Thompson v. Hampton Institute, 3 Va.App. 668, 353 S.E.2d 316 (1987). True, the employer can arrange for a medical exam and, after receiving the physician's report, pay the claimant up to that date and then file an application for a change of condition. Still, the claimant, even if he knows he is fully recovered and not entitled to benefits, may, with impunity and within the law, always obtain those benefits assessed before the employer files for a change of condition.
On the other hand, by placing the burden on the claimant, the claimant will not lose compensation to which he is entitled. If the employer refuses to pay, the claimant's compensation will be paid retroactive to the *641 date on which the claimant notified the employer that he was willing to accept selective employment. Furthermore, there is no incentive on the employer frivolously to deny benefits because the employer may be assessed with the whole cost of the proceedings, including a reasonable attorney fee. See Code § 65.1-101.
Another reason for placing the burden of proof on the claimant is the recognized rule that the burden of proof of an issue should rest on the party having peculiar knowledge of the matter. C. Friend, The Law of Evidence in Virginia § 80 (3d ed. 1988). In this case, the rule is particularly important. When the claimant refuses selective employment, the employer usually loses contact with him and cannot observe him on a day-to-day basis to determine whether his physical condition has improved. The claimant, of course, remains in complete control of his situation and is aware of the status of his recovery. It is reasonable to consider that all of the claimants to whom the rule would apply have been determined by the commission to have failed to cooperate in mitigating their losses. An employer should not be burdened with keeping watch on a claimant whose benefits have been suspended or terminated because he is uncooperative.
It is not a radical idea for a party seeking to change his status to have the burden of proof on an issue. Id. I believe it furthers the purposes of the Workers' Compensation Act to put the burden of proof on the claimant to ensure that persons who are not entitled to money will not receive it while at the same time not preventing persons entitled to compensation from receiving it. I would reverse the award for a rehearing with the claimant having the burden of proving his continued disability.

Upon a Petition for Rehearing En Banc Before the Full Court
On October 23, 1991 came the appellants, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on October 8, 1991 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on October 8, 1991 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellants shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.