Salem
HEYWARD JOSEPH TUMLIN
v.
GOODYEAR TIRE & RUBBER COMPANY, et al.
No. 0655-93-3
Decided May 17, 1994

COUNSEL

Heyward J. Tumlin, *pro se.*

Martha White Medley (James A. L. Daniel; Daniel, Vaughn, Medley & Smitherman, P.C., on brief), for appellees.

OPINION

**KOONTZ, J.**—Heyward J. Tumlin (Tumlin) appeals a denial of permanent partial disability benefits under Code § 65.2-503 (formerly Code § 65.1-56) by the Workers' Compensation Commission (commission). The issue presented in this appeal is whether Code § 65.2-510 (formerly Code § 65.1-63) and our decision in *Murphy v. C & P Telephone Co.*, 12 Va. App. 633, 406 S.E.2d 190, *aff'd en banc*, 13 Va. App. 304, 411 S.E.2d 444 (1991), apply to benefits payable under Code § 65.2-503.[1] For the reasons that follow, we hold that Code § 65.2-510 does not apply to awards made under Code § 65.2-503 under any circumstance. Accordingly, we reverse the commission's denial of benefits.

---

[1] Tumlin's industrial accident and claim for benefits arose in 1990 prior to the October 1, 1992, effective recodification of Title 65.1 as Title 65.2. In order to resolve the present appeal and to clarify our holding in *Murphy* relative to the current pertinent Code sections, we will address both the former and current Code sections in this opinion.

# I.

## FACTUAL BACKGROUND

Tumlin began working for Goodyear Tire & Rubber Co. (Goodyear) in 1977. In 1984, Tumlin suffered a non-employment-related injury to his right ankle and in 1985 and 1987, respectively, non-employment-related injuries to his left ankle. On May 18, 1990, Tumlin suffered an employment-related injury to both feet. Tumlin received temporary total disability benefits from May 19, 1990, to August 12, 1990. He returned to sedentary work August 13, 1990.

On December 10, 1990, Tumlin allegedly suffered an employment-related injury to his left wrist. On that day, Tumlin complained of unsafe working conditions to the plant safety director, informing her that "if I go [to the assigned work place], I'll have another accident." After Tumlin failed to return to work following a medical examination for the December 10 alleged injury, his work record was reviewed, and a termination decision was made based upon repeated absences, malingering, and poor work habits. That decision was reviewed by a union grievance proceeding and upheld.

In Tumlin's initial claim for benefits arising out of the alleged accident on December 10, 1990, the deputy commissioner found that the evidence supported a finding that Tumlin staged the accident, that his termination was for cause, and that Tumlin had failed to seek selective employment following his discharge. Accordingly, benefits were denied for the alleged injury.

The commission affirmed the deputy commissioner's denial of benefits. A *per curiam* memorandum opinion of this Court affirmed the commission's ruling.

Tumlin now appeals an unfavorable result to a subsequent claim for permanent partial disability pursuant to former Code § 65.1-56 (now Code § 65.2-503) resulting from the May 18, 1990, accident. The deputy commissioner found that the medical evidence did not establish that Tumlin's partial disability in his feet was causally related to the accident. Furthermore, the deputy commissioner found that Tumlin was not entitled to benefits because of his termination for cause and subsequent failure to seek selective employment.

The commission reversed the deputy commissioner's finding that the disability was not causally related to the May 18, 1990 accident. The commission found that the evidence showed Tumlin had, after reaching maximum medical improvement, sustained a permanent thirty-five percent loss of function of the right foot and a permanent ten percent loss of function of the left foot. However, the commission affirmed the deputy commissioner's denial of benefits on the ground that *Murphy* barred eligibility for benefits after a for-cause termination from selective employment procured by the employer. In so doing, the commission also relied upon its own opinion in *Moyer v. Woolard*, VWC 146-22-91 (1992), holding that the term "any compensation" in former Code § 65.1-63 applied to both wage loss and disability compensation when benefits are barred by reason of a for-cause discharge under *Murphy*.

## II.

## THE CAUSATION ISSUE

■ We begin by addressing Goodyear's assertion that the commission erred in finding that Tumlin established a causal connection between his permanent partial disability and the May 18, 1990, accident. We are guided by well established principles. "Factual findings of the [Workers' Compensation] Commission will be upheld on appeal if supported by credible evidence." *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). If reasonable inferences may be drawn from credible evidence, "they will not be disturbed by this Court on appeal." *Hawks v. Henrico County School Bd.*, 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Here, the commission inferred from the evidence that the non-work-related injuries to Tumlin's ankles were unrelated to the medical rating of permanent disability in Tumlin's feet. The inference drawn by the commission was reasonable. The record contains no medical evidence of any permanent disability resulting from the injuries to Tumlin's ankles. Moreover, the record does not reflect any medical evidence to suggest that in the absence of the injury to Tumlin's ankles, the permanent disability of Tumlin's feet would be less or non-existent. Accordingly, we hold that the commission's determination that Tumlin suffered a permanent partial disability to both feet in a work-related accident on May 18, 1990, is supported by credible evidence.

## III.

## THE DISCHARGE FOR CAUSE ISSUE

There is no dispute that Tumlin was properly discharged for cause from appropriate selective employment provided by his employer. That matter has been resolved by a prior appeal in this Court. The present dispute concerns the legal effect of that discharge upon Tumlin's eligibility for benefits for permanent partial loss of the use of his feet as provided for in Code § 65.2-503 (formerly Code § 65.1-56).

As previously noted, in reaching its decision that Tumlin's discharge for cause barred his right to permanent disability benefits, the commission relied in part upon our decision in *Murphy* and its decision in *Moyer*. With regard to *Murphy*, the commission concluded: "The current status of the law appears to be that a claimant may not cure an unjustified refusal of light work procured by the employer [where the employee is terminated for cause]." In *Moyer*, the commission concluded that "the statutory reference to 'any compensation' [in former Code § 65.1-63] included compensation for a permanent disability rating." Thus, in Tumlin's case the commission concluded that Tumlin's claim was barred and noted that "[w]hile this may be a harsh result, the legislature was aware of the decision . . . in *Murphy*, . . . when [former Code § 65.1-63] was recodified effective October 1, 1992 as [Code] § 65.2-510." In short, the commission interpreted *Murphy* to be applicable to a permanent partial loss of use of a body part under former Code § 65.1-63 and the current provisions of Code § 65.2-510. We disagree.

We begin our analysis with a review of the pertinent provisions of the former Code sections applicable at the time of Tumlin's accidental injury in 1990 and the current Code sections into which these sections have been recodified. Aware that *Murphy* has been the subject of considerable litigation before the commission and appeals to this Court, we take this approach to clarify the current applicability of *Murphy* relative to Code § 65.2-510 as well as to resolve the present appeal under former Code § 65.1-63.

Initially, we note for purposes of this appeal that Code § 65.2-503 made no substantive change in the entitlement for loss, or loss of use, of a foot as previously provided for in former Code § 65.1-56. Both statutes use the term "compensation" for the benefits

provided to the employee.

Former Code § 65.1-63 provides, in pertinent part, as follows: "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to *any compensation* at any time during the continuance of such refusal." (emphasis added). In contrast, Code § 65.2-510 currently provides, in pertinent part, as follows: "If an injured employee refuses employment procured for him suitable to his capacity, he shall *only be entitled to the benefits provided for in § 65.2-603* (medical expenses and vocational rehabilitation services) during the continuance of such refusal." (emphasis added). It is readily apparent that the legislature has exempted the benefits provided by Code § 65.2-603 from the bar to benefits under the current provisions of Code § 65.2-510. Code § 65.2-603 benefits are not an issue here and, clearly, *Murphy* has no application to such benefits. However, for the reasons that will become apparent, the result we reach in Tumlin's appeal is the same under former Code § 65.1-63 or the current Code § 65.2-510. That result is guided by the proper application of the term "compensation" in the context of former Code § 65.1-56 and the current provisions of Code § 65.2-503.

In *Murphy*, we held that under former Code § 65.1-63 "where a disabled employee is terminated for cause from selective employment procured or offered by his employer, *any subsequent wage loss* is properly attributable to his wrongful act rather than his disability." 12 Va. App. at 639-40, 406 S.E.2d at 193 (emphasis added). Our holding in *Murphy* is limited to its factual context. There, we were concerned with wage loss resulting from a compensable back injury. We were not concerned with benefits or "compensation" for the permanent loss, or loss of use, of a body part under former Code § 65.1-56 (now Code § 65.2-503).

Moreover, when *Murphy* was decided it was well established that "[t]he benefits provided by [former] Code § 65.1-56 for the loss or loss of use of a body member are payable 'irrespective of continued employment, loss of wages, or like considerations.'" *County of Spotsylvania v. Hart*, 218 Va. 565, 568, 238 S.E.2d 813, 815 (1977) (quoting *Nicely v. VEPCO*, 195 Va. 819, 823, 80 S.E.2d 529, 531 (1954)). Thus, "[t]he right to compensation under [former Code § 65.1-56] does not depend on incapacity for work or loss of earnings, but *is indemnity for permanent*

*loss of use, total or partial, of the injured [body] member."* *Great Atl. & Pac. Tea Co. v. Bateman,* 4 Va. App. 459, 461-62, 359 S.E.2d 98, 99 (1987) (emphasis added). Accordingly, benefits or "compensation" payable under former Code § 65.1-56, and now Code § 65.2-503, are not compensation for wage loss, but, rather, indemnification for the permanent loss or loss of use of a body part based upon the statutorily presumed lifetime loss of the economic benefit the employee would have derived from the injured body part. Accordingly, *Murphy,* being limited to a wage loss analysis, is inapplicable to benefits or compensation paid under former Code § 65.1-56 or currently under Code § 65.2-503.

■ Having determined that *Murphy* has no explicit application to the present appeal, we turn now to the remaining question—whether permanent partial disability benefits are barred by the employee's termination for cause from selective employment procured for him under some theory analogous to the reasoning in *Murphy.* We hold that they are not. We note that prior to our decision in *Murphy,* the commission had consistently ruled that refusal of selective employment and/or medical treatment did not affect compensation under former Code § 65.1-56. *See Clairborn v. General Foam Plastics Corp.,* 55 O.I.C. 89 (1973); *Cook v. Beazly Found.,* 48 O.I.C. 50 (1966). No decision of the commission so holding has been addressed in a published opinion from an appellate court of this Commonwealth. Accordingly, this is an issue of first impression for this Court.

■ It is a well settled principle that "[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction." *Branch v. Commonwealth,* 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Guided by this principle, the term "any compensation" must be read in conjunction with the phrase "during the continuance of such refusal" found in former Code § 65.1-63. Thus, the compensation contemplated by this Code section pertains only to ongoing economic losses following and attributable to an affirmative act of the employee. The "compensation" to which the employee is not entitled during the continuance of the unjustified refusal of selective employment is compensation for wage loss that otherwise would have been paid to the employee. In contrast, former Code § 65.1-56 pertains to a right to statutorily scheduled benefits, and that right

accrues at the time of the compensable injury. Such benefits are indemnification for permanent loss of a body part and are payable irrespective of continued unemployment or loss of wages. Accordingly, a subsequent refusal by the employee to participate in appropriate selective employment procured for him or her or a justifiable termination of the employee for cause from such employment cannot retroactively interfere with the right of indemnity already accrued to the employee. In short, because the right to the benefits provided by former Code § 65.1-56 accrues at the time of the injury to the employee and is not dependent upon a subsequent wage loss, the provisions of former Code § 65.1-63 are not applicable to the payment of such benefits.

Finally, we disagree with the commission's suggestion that the recodification of Code § 65.1-63 as Code § 65.2-510 following our decision in *Murphy* evinces a legislative intent to bar eligibility for permanent partial disability benefits. We hold that the present provisions of Code § 65.2-510 merely exempt medical expenses and vocational rehabilitation services from the bar of this Code section and make no other change in the prior law. Moreover, we will assume the legislature was aware of our decision in *Murphy*, as the commission noted in this case, and that the legislature properly interpreted that decision. The legislature was not faced with avoiding a "harsh result" where such a result was not required by the existing statutory scheme or our decision in *Murphy*. Accordingly, there was no need to amend Code § 65.2-510 to provide expressly that permanent partial disability benefits under former Code § 65.1-56 (now Code § 65.2-503) are not barred by an unjustified refusal of selective employment.

In sum, we hold that the commission properly determined that Tumlin suffered a permanent partial disability to both feet in a compensable accident on May 18, 1990. We hold that an unjustified refusal of selective employment based upon a termination for cause from that employment is not a bar under former Code § 65.1-63 (now Code § 65.2-510) to eligibility for permanent partial disability benefits provided by former Code § 65.1-56 (now Code § 65.2-503). Finally, we further hold that our decision in *Murphy* is not applicable to such cases.

For these reasons, we reverse the commission's denial of an award in favor of Tumlin and remand with instructions to enter an award in an amount appropriate under former Code § 65.1-56.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Benton, J., and Willis, J., concurred.