447 S.E.2d 519 (1994)
Robert Charles CHRISTIANSEN, Jr.
v.
METRO BUILDING SUPPLY, INC., et al.
Record No. 1949-93-4.
Court of Appeals of Virginia.
August 2, 1994.
Rehearing Granted September 12, 1994.
Craig A. Brown, Alexandria (Ashcraft & Gerel, on brief), for appellant.
Joseph C. Veith, III, Fairfax, for appellees.
*520 Present: MOON, C.J., and WILLIS and ELDER, JJ.

OPINION
MOON, Chief Judge.
Robert Christiansen, Jr. appeals from a decision of the commission denying him temporary (total/partial) disability benefits, holding that he could not cure his prior unjustified refusal of employer-procured selective employment. We affirm the commission's denial of benefits upon claimant's current application. We hold, however, that a claimant who has not engaged in willful misconduct may cure a prior unjustified refusal of employer-procured selective employment.
Christiansen suffered a right elbow injury from an industrial accident. His employer, Metro Building Supply, Inc. ("Metro"), accepted his claim as compensable and paid Christiansen compensation for various periods of temporary total and temporary partial disability, until Christiansen's resignation from Metro. Thereafter, benefits were suspended.
Christiansen returned to light duty work provided by Metro on or about June 1, 1992, earning $555.71 per week and remained employed there until he quit on June 10, 1992. Christiansen complained that the light duty work aggravated his right arm symptoms, and arrangements were made for Christiansen, Metro, the claims adjuster, and a rehabilitation nurse to discuss the situation. However, Christiansen subsequently secured employment as a salesperson and quit his job with Metro before the scheduled meeting. Thereafter, he signed papers terminating his employment with Metro on July 17, 1992.
Christiansen then worked as a commissioned salesperson for three weeks, earning less than $130 per week. On or about September 29, 1992, he quit this job, contacted Metro, and asked to be rehired. Metro refused to rehire him because he had been terminated in accordance with his July 17, 1992 resignation, and Metro had hired a replacement. Christiansen was unable to find other light duty employment and attempted to work at various odd jobs over the next few weeks. He again contacted Metro about employment, but Metro declined to reinstate him. Christian then filed an application for resumption of compensation benefits.
The commission held that Christiansen unjustifiably refused selective employment when he quit his job at Metro and denied his claim for further benefits. The commission further found that Christiansen could not cure such refusal and that further benefits were barred under the doctrine set forth in C & P Telephone Co. v. Murphy, 12 Va.App. 633, 406 S.E.2d 190, aff'd en banc, 13 Va.App. 304, 411 S.E.2d 444 (1991). After the commission's decision, this Court limited Murphy to its factual context. See Tumlin v. Goodyear Tire & Rubber Co., ___ Va.App. ___, ___, 444 S.E.2d 22, 24 (1994); see also Potomac Edison Co. v. Cash, ___ Va.App. ___, 446 S.E.2d 155, 158 (1994); Eppling v. Schultz Dining Programs, ___ Va.App. ___, 442 S.E.2d 219 (1994); Timbrook v. O'Sullivan Corp., ___ Va.App. ___, 439 S.E.2d 873 (1994); Virginia Wayside Furniture v. Burnette, 17 Va.App. 74, 435 S.E.2d 156 (1993). Unlike the claimant in Murphy, claimant was not discharged for willful misconduct or misrepresenting his ability to work. Therefore, although we affirm the decision denying Christiansen an award upon this current application, the commission's decision is reversed in part, insofar as it concludes that Murphy forever bars Christiansen from curing his unjustified refusal.

I.
Findings of fact made by the commission are binding on appeal if they are supported by credible evidence. Code § 65.2-706; Armstrong Furniture v. Elder, 4 Va.App. 238, 247, 356 S.E.2d 614, 619 (1987). On appeal, we must view the evidence in the light most favorable to the prevailing party below, and "[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Manassas Ice & Fuel Co. v. Farrar, 13 Va.App. 227, 229, 409 S.E.2d 824, 826 (1991).
The evidence supports the finding that Christiansen's light duty job procured by Metro did not exceed the physical restrictions *521 imposed by his orthopedic surgeon. Moreover, he unilaterally quit his job several days before a meeting with employer and its insurance carrier to evaluate his job and ensure it fit within the restrictions specified by his physician. Therefore, the commission's finding that Christiansen unjustifiably refused his employment is supported by the record.

II.
In Thompson v. Hampton Institute, 3 Va. App. 668, 353 S.E.2d 316 (1987), the claimant refused the selective employment offered by his employer. He subsequently attempted to accept the selective employment which he had been previously offered and claimed that his benefits should be reinstated. This Court held:
[W]hen an employee who previously unjustifiably refused selective employment which was procured for him, thereafter, in good faith, advises his employer that he is willing to accept such work or work of like kind, the employer must resume the payments for compensable injuries even though the procured selective employment may no longer be available.
Id. at 671, 353 S.E.2d at 317 (emphasis added).
The commission is in the best position to judge whether a claimant's offer to cure a refusal of selective employment is made in good faith. James v. Capitol Steel Constr. Co., 8 Va.App. 512, 515, 382 S.E.2d 487, 489-90 (1989). Here, the commission found Christiansen's willingness to return to light duty work at Metro "unconvincing." Indeed, Christiansen admitted that he was looking only for a temporary position with Metro. Thus, this record supports the commission's finding that Christiansen failed to cure his unjustified refusal of employer-procured selective employment. We hold, however, that if in the future Christiansen, in good faith, advises his employer that he is willing to accept employer's procured selective employment, he may cure his unjustified refusal. See Thompson, 3 Va.App. at 671, 353 S.E.2d at 317; Tumlin v. Goodyear Tire & Rubber Co., ___ Va.App. ___, 444 S.E.2d 22 (1994).

III.
Finally, Christiansen argues that, pursuant to our decision in Burnette, his refusal of selective employment was cured when he began working on a full-time basis with another company at a wage comparable to the wage of the light duty job at Metro.
After unjustifiably refusing the selective employment that paid $555.71 per week, Christiansen subsequently accepted employment at another company earning an average weekly wage of $386, approximately $169 less than the salary he could have earned had he continued to work at Metro. Unlike the claimant in Burnette, Christiansen's salary from new employment was not comparable to his salary at Metro. Therefore, as a matter of law, he has not cured his prior unjustified refusal under Burnette. See 17 Va.App. at 79-80, 435 S.E.2d at 160.
Accordingly, the commission's decision denying Christiansen an award upon this application is affirmed, but reversed insofar as it concludes Christiansen could not cure his unjustified refusal in the future.
Reversed in part and affirmed in part.

Upon a Petition for Rehearing
On August 18, 1994 came the appellant, by counsel, and filed a petition praying that the Court set aside the judgment rendered herein on August 2, 1994 and grant a rehearing thereof.
On consideration whereof, the petition for rehearing is granted, the mandate entered herein on August 2, 1994 is stayed pending the decision of the panel on rehearing, and the appeal is reinstated on the docket of this Court.
The appellees shall file a brief in compliance with Rule 5A:35, responding to the issues raised in appellant's petition for rehearing.