## Richmond

## ROBERT CHARLES CHRISTIANSEN, JR.

### v.

## METRO BUILDING SUPPLY, INC., et al.

### No. 1949-93-4

### Decided January 17, 1995

COUNSEL

Craig A. Brown (Ashcraft & Gerel, on brief), for appellant.

Joseph C. Veith, III, for appellees.

OPINION

### UPON A REHEARING

**MOON, C.J.**—We granted rehearing to Robert Charles Christiansen, Jr., from our prior opinion, *Christiansen v. Metro Building Supply, Inc.*, 18 Va. App. 721, 447 S.E.2d 519 (1994), in which we held that Christiansen could cure an unjustified re-

fusal to accept selective employment if elsewhere he found and accepted employment comparable to that he refused. We noted that *C & P Telephone Co. v. Murphy*, 12 Va. App. 633, 406 S.E.2d 160 (1991), *aff'd en banc*, 13 Va. App. 304, 411 S.E.2d 444 (1991), relied upon by the commission for the proposition that the unjustified refusal could not be cured, subsequently had been modified by *Virginia Wayside Furniture, Inc. v. Burnette*, 17 Va. App. 74, 435 S.E.2d 156 (1993).

Specifically, we granted rehearing to reconsider Part III of our opinion in which we held that Christiansen, as a matter of law, had not cured his prior unjustified refusal to accept selective employment under our holding in *Burnette*.

The commission decided that Christiansen could not cure his unjustified refusal of selective employment and, therefore, did not reach the issue of whether he had done so. Because we hold that he could do so, the commission must determine whether, in fact, he cured his prior unjustified refusal.

The respective salaries of the selective employment refused and of that accepted were questions of fact that should have been made by the commission, had it reached the issue. We are now persuaded that the assumption in our prior opinion regarding salaries was incorrect, and that upon this record we cannot decide that issue as a matter of law. Therefore, we remand the case to the commission for it to make findings of fact and conclusions of law concerning whether under *Burnette*, Christiansen cured his prior unjustified refusal by obtaining employment comparable to the selective employment he refused.

Sections I and II of the prior opinion remain as stated therein.

*Reversed and remanded.*

Willis, J., and Elder, J., concurred.