FITZPATRICK, Chief Judge.
Fairfax County School Board (“employer”) appealed the Workers’ Compensation Commission’s decision granting the change in condition application of Ellen M. Rose (“claimant”). Employer contended the commission erred in: (1) finding that claimant effectively cured her prior unjustified refusal of necessary medical attention; (2) finding that claimant timely cured her prior refusal of medical care; and (3) relying upon an unpublished opinion of this Court.
*34 In Fairfax County Sch. Bd. v. Rose, 27 Va.App. 587, 500 S.E.2d 273 (1998), a divided panel of this Court reversed the commission’s award of benefits and remanded the case. We granted rehearing en banc, and upon rehearing, we affirm the commission’s decision. We hold that: (1) for a verbal cure of unjustified refusal of medical care to be effective, it must be made in good faith, and (2) claimant’s letter informing employer of her willingness to undergo surgery was made in good faith and cured her prior unjustified refusal of medical treatment.
I.
On March 20, 1991, claimant sustained an injury by accident to her back in the course of her employment. Employer accepted the resulting claim as compensable and paid temporary total disability benefits of $307.94 per week beginning March 28, 1991, pursuant to the commission’s award entered September 12,1991.
Claimant’s treating physician, Dr. James W. Preuss, and several consulting physicians recommended as early as September 1991 that claimant undergo back surgery to repair two herniated lumbar discs. Claimant refused the surgery. In July 1993, a functional capabilities evaluation revealed that claimant was unable to perform any type of work activity and had significant difficulty with ordinary tasks of daily living. In his answers to interrogatories filed November 2, 1993, Dr. Preuss stated that back surgery was the most reasonable and effective form of treatment for claimant’s herniated discs and that if claimant were willing to undergo the surgery, Dr. Preuss would so recommend. He further stated that, with surgery, claimant had a good probability of returning to her regular work.
By the deputy commissioner’s opinion of June 27, 1994, effective November 7, 1993, the claimant’s disability benefits were suspended on the ground that claimant unjustifiably refused recommended back surgery. The deputy commissioner found that surgery was reasonable and necessary medical *35 care for claimant’s herniated discs. The commission and this Court dismissed claimant’s procedurally defective appeals of that decision, and the deputy commissioner’s decision became final.
In July 1994, claimant attempted suicide and was hospitalized and treated for depression. After her release, she was placed on medication that affected her memory and restricted her ability to function. Claimant also suffered from agoraphobia, which limited her ability to go out in public. She was treated for these conditions by a psychiatrist and a licensed clinical social worker from 1994 through 1996.
On November 6, 1995, claimant filed two applications for hearing seeking reinstatement of compensation. One was denied and is not before this Court. The second application alleged a change in condition and sought reinstatement of benefits as of November 6,1995 and continuing, on the ground that she was willing to submit to surgery by Dr. Preuss, the physician treating her back injury. In addition, claimant’s counsel notified counsel for employer by letter that “Ms. Rose is now willing to undergo the lumbar surgery proposed by Dr. Preuss. Please contact me regarding the scheduling of an appointment with Dr. Preuss.”
On February 29, 1996, claimant kept an appointment with Dr. Preuss and declared her willingness to have surgery. In supplemental interrogatories filed on August 1, 1996, Dr. Preuss stated that he discussed surgery with claimant in February 1996 but that he did not recommend surgery at that time because of her stable condition. In his deposition, Dr. Preuss explained that claimant’s condition was “stable” because she had not exhibited any worsening of her neurological condition since 1992. He testified that, in any case where the patient’s neurological examination is stable and the patient is willing to tolerate the level of pain and incapacity, he would not recommend surgery and would regard it as an elective procedure. Dr. Preuss stated that claimant’s inability to work played no part in his recommendation regarding surgery. Dr. *36 Preuss acknowledged that if claimant were willing to undergo surgery her symptoms would improve.
After a hearing on July 9, 1996, the deputy commissioner found that claimant failed to cure her unjustified refusal before November 6, 1995. Consequently the issue became whether her November 6 application and letter to employer’s counsel stating that she was willing to undergo surgery constituted a timely and effective cure. Finding that “claimant was only required to cease her unwillingness and refusal to undergo surgery,” the deputy commissioner concluded that claimant’s counsel’s letter of November 6,1995 effectively cured her earlier unjustified refusal of medical treatment within the statutory time limit.
On review, the full commission determined that “the main issue [was] ... whether the applications and letter of November 6, 1995, effectively cured the claimant’s refusal of the recommended surgery.” While noting its own decision in Lester v. Northern Mineral Corp., 64 O.I.C. 203 (1985), the commission relied on the unpublished opinion of this Court in Bane v. Rosslyn Concrete Constr. Co., No. 2598-92-4, 1994 WL 43332 (Va.Ct.App. Feb. 15, 1994). The commission concluded the following:
In this case, the claimant has cured her prior refusal of medical treatment. She was seen by Dr. Preuss on February 29, 1996, and on July 23, 1996, she indicated her willingness to go forward with ■ surgery. The claimant has done all that she can do until surgery is scheduled.... Based on a review of the evidence before us, we find that she has cured her refusal of surgery, if it is still recommended, and that benefits were properly reinstated.
II.
On appeal, employer contended claimant failed to timely cure her prior unjustified refusal of medical care. A divided panel of this Court agreed and reversed the commission’s decision. Upon rehearing en banc, we hold that claimant timely cured her prior unjustified refusal of medical care.
*37 Code § 65.2-708(A) provides: “[0]n the ground of a change in condition, the Commission may review any award and on such review may make an award ending, diminishing or increasing the compensation previously awarded.” However, “[n]o such review shall be made after twenty-four months from the last day for which compensation was paid.” Code § 65.2-708(A). In the instant case, claimant was last paid compensation for the period ending November 7, 1993. Code § 65.2-708 terminated her right to continued disability compensation unless she cured her prior unjustified refusal of medical treatment by November 7,1995.
Claimant failed to cure her unjustified refusal of medical care prior to November 6, 1995. The sole issue before us is whether claimant’s November 6,1995 letter informing employer of her willingness to undergo surgery cured her prior unjustified refusal of medical treatment. This issue presents a mixed question of law and fact and may be reviewed de novo by this Court. See Roanoke Belt, Inc. v. Mroczkowski, 20 Va.App. 60, 68, 455 S.E.2d 267, 271 (1995).
The effectiveness of a cure by words alone, a ‘Verbal cure,”[1] in the context of an unjustified refusal of medical treatment, is an issue of first impression. However, in the analogous area of the cure of a refusal of selective employment or vocational rehabilitation, we have held that a verbal cure is effective if it is made in good faith. See Christiansen v. Metro Bldg. Supply, Inc., 18 Va.App. 721, 724, 447 S.E.2d 519, 521 (1994), affd on reh’g, 19 Va.App. 513, 453 S.E.2d 302 (1995) (refusal of selective employment may be cured by claimant’s offer to accept the previously refused employment if made “in good faith”); James v. Capitol Steel Constr. Co., 8 Va.App. 512, 518, 382 S.E.2d 487, 490 (1989) (“[assuming that the refusal to cooperate with vocational rehabilitation could be cured by a verbal statement of willingness to cooperate ... it *38 must be made in good faith”); Thompson v. Hampton Institute, 3 Va.App. 668, 671, 353 S.E.2d 316, 317 (1987) (claimant may cure refusal of selective employment when he “in good faith advises his employer that he is willing to accept such work”).
We have “historically treated and discussed [these similar areas] in conjunction with one another,” Hercules, Inc. v. Carter, 13 Va.App. 219, 223, 409 S.E.2d 637, 639 (1991), affd on reh’g en banc, 14 Va.App. 886, 419 S.E.2d 438 (1992), and we now hold that for a verbal cure of an unjustified refusal of medical care to be effective, it must be made in good faith. A claimant must demonstrate his or her good faith through an affirmative action or a showing of circumstances mitigating the failure to act.[2]
Under the circumstances presented, we hold that claimant’s letter of November 6, 1995, combined with the mitigating factors hereinafter described, effected a cure of her prior unjustified refusal of medical treatment. Clearly claimant’s mental conditions of depression and agoraphobia constituted mitigating circumstances which explained any delay in *39 contacting Dr. Preuss. While it would have been preferable for claimant to have seen Dr. Preuss on November 7, 1995 rather than February 29, 1996, her actions constituted the requisite good faith necessary to accomplish the verbal cure. At her later appointments with Dr. Preuss on February 29, 1996 and July 23,1996, claimant reaffirmed her willingness to have the surgery, but, in light of her stable condition, Dr. Preuss no longer recommended it. Claimant’s psychological condition and her statements to her treating physician, that she was willing to submit to surgery if it was still recommended, were affirmative actions which reinforced that her November 6, 1995 statement was made in good faith. We hold that claimant timely and effectively cured her prior refusal of medical care and, accordingly, affirm the commission.[3]

Affirmed.

. A “verbal cure” is a statement indicating willingness to cure which is unaccompanied by curative action. A verbal cure may be spoken, see James v. Capitol Steel Constr. Co., 8 Va.App. 512, 518, 382 S.E.2d 487, 490 (1989), or written, as in the instant case.

. Although we are not bound by the decisions of the commission, our holding is consistent with the commission’s cases, which, although they do not focus on a finding of good faith, do require affirmative action of the claimant in the absence of mitigating factors. See Smith v. Kershaw Automotive, No. 153-36-02 (Workers' Comp. Comm’n Aug. 24, 1994) (claimant’s letter to employer’s counsel stating his willingness to accept selective employment, absent mitigating circumstances, failed to cure prior refusal); McLaughlin v. Manville Sales Corp., 73 O.W.C. 185, 186 (1994) ("We have consistently held that something more than a mere statement of willingness to cooperate is required. The claimant must take some affirmative action ... demonstrating his willingness to cooperate [with vocational rehabilitation].”); Hughes v. Fred Dehner Sawmill, Inc., No. 147-60-14 (Workers’ Comp. Comm’n July 12, 1993) (claimant’s refusal to submit to an independent medical examination while appeal was pending was cured by his written agreement to submit to the exam if the outcome of the appeal required it); Lester v. Northern Mineral Corp., 64 O.I.C. 203, 205 (1985) ("The Commission has regularly held that, in the absence of other mitigating factors, suspension of benefits for refusal of medical or physical rehabilitation training services will continue until a claimant actually meets with a physician or counselor and cures a refusal.”).

. Employer also contends the commission erred in relying on an unreported decision. Bane v. Rosslyn Concrete Constr. Co., No. 2598-92-4, 1994 WL 43332 (Va.Ct.App. Feb. 15, 1994). See Code § 17.1-413(A), recodifying § 17-116.010(A). Although an unpublished opinion of the Court has no precedential value, see Grajales v. Commonwealth, 4 Va.App. 1, 2 n. 1, 353 S.E.2d 789, 790 n. 1 (1987), a court or the commission does not err by considering the rationale and adopting it to the extent it is persuasive. Accordingly, the commission did not err in considering our decision in Bane.