COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


CAROL HUFFMAN

MEMORANDUM OPINION*

v.    Record No. 0995-99-3                    PER CURIAM
                                          SEPTEMBER 14, 1999

CARILION ROANOKE MEMORIAL HOSPITAL AND
 PENNSYLVANIA MANUFACTURERS ASSOCIATION
 INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (William H. Fralin, Jr.; Jolly, Place,
        Fralin & Prillaman, P.C., on briefs), for
        appellant.

        (Richard D. Lucas; T. Borden Ellis; Carter,
        Brown & Osborne, P.C., on brief), for
        appellees.


    Carol Huffman (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that she

failed to prove that she sustained an injury by accident arising

out of her employment on January 28, 1998.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.[1]

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] We find no merit in claimant's argument that the
commission's decision should be reversed because it improperly
relied upon unpublished opinions of this Court.  The
commission's decision is fully supported by published case law.
Moreover, the commission did not err by considering the

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  To recover benefits, claimant must establish that she suffered an "injury by accident arising out of and in the course of [her] employment," Code § 65.2-101, and "that the conditions of the workplace or that some significant work related exertion caused the injury."  Plumb Rite Plumbing Serv. v. Barbour, 8 Va. App. 482, 484, 382 S.E.2d 305, 306 (1989).  "The phrase arising 'out of' refers to the origin or cause of the injury."  County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989).  "Whether an injury arises out of the employment is a mixed question of law and fact and is reviewable by the appellate court."  Plumb Rite, 8 Va. App. at 483, 382 S.E.2d at 305.  However, unless we conclude that claimant proved, as a matter of law, that her employment caused her injury, the commission's finding is binding and conclusive on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant, a home health care registered nurse, injured her back while lifting a plastic water basin she used to clean a

rationale contained in a factually similar unpublished opinion of this Court and adopting that rationale to the extent it was persuasive.  See Fairfax County School Bd. v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999).

patient's ventilator tube.  Claimant worked in the patient's home and stored the empty water basin on the floor in a small closet.  Claimant testified that when she went to retrieve the basin on January 28, 1998, she was looking up because of her concern that the family's cat might jump out, which it had done on occasion.  She also stated that she had her hand on the closet doorknob as she retrieved the basin.  While straightening up with the basin in her hand, she felt pain in her back.  In her February 24, 1998 recorded statement, she denied that she bent down in an awkward fashion to pick up the basin.

In denying claimant's application, the commission found as follows:

> We find nothing unusual or awkward about the way the claimant lifted the empty basin. The basin had no significant weight and therefore lifting it did not involve any significant exertion.  There was nothing about the size of the closet which restricted or obstructed her movements.  We find no evidence of any awkward or unusual movement by the claimant caused by the claimant's work environment which caused her injury.

The evidence established that claimant did not engage in any significant exertion, that her action of looking for the cat as she reached for the basin did not involve any awkward movement or position, and that no condition or hazard peculiar to her workplace caused her injury.  Therefore, we hold that claimant failed to prove as a matter of law that her injury arose out of her employment.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>