COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


LPT, INC./MSS, INC. AND
  ERIE INSURANCE PROPERTY
  CASUALTY COMPANY

                                                MEMORANDUM OPINION[*] BY
v.      Record No. 2247-06-4                    JUDGE ROBERT P. FRANK
                                                APRIL 17, 2007

JOHN VOLTAGGIO


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Heather K. Bardot (Trichilo, Bancroft, McGavin, Horvath & Judkins,
              P.C., on brief), for appellants.

              James E. Swiger (Swiger & Cay, on brief), for appellee.


        LPT, INC./MSS, INC., and Erie Insurance Property Casualty Company (employer)

appeal the decision of the Workers' Compensation Commission (commission), finding that John

Voltaggio (claimant) cured his unjustified refusal of selective employment.  For the reasons

stated, we affirm the decision of the commission.

                                        BACKGROUND

        Claimant sustained a compensable injury by accident on December 10, 2004, injuring his

lower back, hip and right leg.  Employer operated a tire and automobile repair business.

Claimant's primary job responsibility was to drive a shuttle bus for employer's customers.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Claimant's other job responsibilities sometimes required him to pick up motor vehicle
parts that could weigh up to 60 pounds.

Claimant's treating physician, Angela M. Santini, M.D., released claimant from her medical care on February 28, 2005, and opined that he was capable of returning to work in a "sedentary" capacity and that he was capable of driving but could not lift anything.[2]

Based on the release of February 28, 2005, Dee Himes, employer's human resources director, spoke to claimant by telephone, confirming the availability of a light-duty job with employer driving the shuttle, but without any lifting duties. The job was to begin March 1, 2005. Claimant told Himes that, because of his injury, he "wasn't able to drive." On March 8, 2005, Himes sent appellant a letter confirming the availability of the light-duty driving job. In the letter, Himes further indicated claimant had not presented himself for work on March 1, 2005, and advised claimant to "report to work as soon as possible" or to contact his supervisor, Marty Kelliher.

After receiving the March 8 letter from Himes, claimant called Kelliher "on or about March 8th" and indicated, "I'm going to try to come back to work and see if I can do my job." Kelliher responded, "Let me see what my options are." Kelliher advised claimant he would call him back the next day. Not hearing from Kelliher the next day, claimant called Kelliher and was told employer had hired someone else.[3] After learning this, claimant sought assistance in finding a job from the Virginia Employment Commission.[4]

Because of claimant's refusal of selective employment, employer ceased the payment of benefits to claimant. By letter dated March 15, 2005, claimant's counsel advised employer:

> [Claimant] remains ready, willing and able to return to work in the
> capacity determined by his treating physician as soon as such work

---

[2] Claimant did not agree with Dr. Santini's release and sought medical care elsewhere.

[3] Himes testified that employer filled this position within "a day or two" of sending the letter on March 8, 2005.

[4] The commission ruled that claimant did not reasonably market his residual work capacity. Since claimant did not appeal this ruling, we will not address it.

is made available by your company. If you have chosen not to accommodate [claimant] in his light duty capacity, I would appreciate being advised in writing so that he can undertake to market his residual capacity elsewhere.

\* \* \* \* \* \* \*

[Claimant] is currently seeking further clarification from Dr. Santini regarding the meaning of her February 28, 2005 report wherein Dr. Santini has indicated certain physical restrictions imposed on [claimant's] ability to work.

The deputy commissioner concluded that claimant had "unjustifiably refused an offer of light duty employment within his capacity," and that claimant's counsel's letter dated March 15, 2005, was not a cure of this refusal. The deputy made no factual finding as to the credibility of any witnesses.

Upon review, the full commission found claimant cured his unjustified refusal of selective employment "through a combination of his efforts."

Shortly after the claimant's refusal, he wrote the employer to establish his desire to learn more about the job, and stated his willingness to accept a suitable position. Additionally, he contacted Kelliher about the position, as instructed by Himes' letter. The employer presented no evidence to contradict the claimant's discussion with Kelliher about trying to accept the job, and it is undisputed that the position had been filled at this point. Accordingly, we find that these efforts cured his previous refusal.

This appeal follows.

## ANALYSIS

### Cure of Unjustified Refusal of Selective Employment

The issue before this Court is whether claimant cured his refusal of selective employment, not whether claimant unjustifiably refused such employment.[5]

---

[5] Code § 65.2-510(A) states:

If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for in §§ 65.2-503 and 65.2-603, excluding vocational

"[W]hen an employee who previously unjustifiably refused selective employment which was procured for him, thereafter, in good faith, advises his employer that he is willing to accept such work or work of like kind, the employer must resume the payments for compensable injuries even though the procured selective employment may no longer be available." Thompson v. Hampton Institute, 3 Va. App. 668, 671, 353 S.E.2d 316, 317 (1987).[6]

This determination is a finding of fact by the commission and "[t]he commission must examine the totality of evidence offered on [this] issue[]." Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 222, 578 S.E.2d 814, 817 (2003). On appeal, we must view the evidence in the light most favorable to the prevailing party below, and "[t]he fact that contrary evidence may be found in the record is of no consequence if credible evidence supports the commission's finding." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

Here, the commission found claimant cured his earlier refusal of selective employment. Claimant called his supervisor indicating, "I'm going to try to come back to work and see if I can do my job." The supervisor, Kelliher, responded by indicating he would get back with claimant the next day. Not hearing from Kelliher, claimant again contacted him but was then told the job was no longer available. Claimant's counsel wrote to employer advising that claimant was "ready, willing and able to return to work in the capacity determined by his treating physician . . . ."

---

rehabilitation services provided for in subdivision A 3 of § 65.2-603, during the continuance of such refusal, unless in the opinion of the commission such refusal was justified.

[6] An employee can cure an unjustified refusal by continuing to work for the employer. Clements v. Riverside Walter Reed Hosp., 40 Va. App. 214, 226, 578 S.E.2d 814, 819 (2003).

- 4 -

While finding claimant did not market his residual capacity, the commission found that, "through a combination of his efforts," claimant cured his refusal. The commission was entitled to conclude that while claimant believed he was physically unsuited for this job, he was willing to accept the job and then determine whether it was within his physical limitations. Thus, the record supports the commission's finding.[7]

Award of Attorney's Fees and Costs

Claimant requests that we award attorney's fees and costs to him "as provided by law." Code § 65.2-713(A) grants us the authority to assess against employer "the whole cost" of these proceedings "including a reasonable attorney's fee" if we find that these "proceedings have been brought, prosecuted, or defended without reasonable grounds." See, e.g., Lowes of Short Pump Va. v. Campbell, 38 Va. App. 55, 62, 561 S.E.2d 757, 760 (2002) (awarding fees against employer for appealing "without reasonable grounds"). The actual calculation of such costs, if awarded, should be "fixed by the Commission." Code § 65.2-713(A).

---

[7] Employer contends the commission erred in not deferring to the deputy's factual finding. At oral argument, employer maintained that "implicit" in the findings of the deputy commissioner was a determination that claimant did not act in "good faith" when contacting employer to inquire about the available position and that claimant's statements that he was willing to accept that position were not "credible." Employer argues that these implicit findings by the deputy commissioner were entitled to "great deference" before the full commission.

Employer is correct that, in some situations, the deputy commissioner's findings as to witness credibility are entitled to deference. "When the deputy commissioner's finding of credibility is based, in whole or in part, upon the claimant's appearance and demeanor at the hearing," the commission must give these findings deference. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987). However, "if the deputy commissioner's determination of credibility is based on the substance of the testimony and not upon the witness' demeanor and appearance, such a finding is as determinable by the full commission as by the deputy." Id.

Here, neither the opinion of the deputy commissioner nor that of the full commission assesses the credibility of the witnesses, or makes a determination as to whether claimant acted in "good faith" in contacting employer about the available position. Indeed, a review of the record reveals no discrepancy between the relevant factual findings of the deputy commissioner and the full commission as to whether claimant cured his unjustified refusal of selective employment. The only difference in the opinions of the deputy commissioner and the full commission is whether those factual findings were sufficient to meet the legal standard for a cure. As such, employer complains of an error never made by the commission, and we cannot address this error on appeal.

An award of attorney's fees is not proper where the question presented is one "about which there may have been a reasonable and an honest difference of opinion at the time the appeal was taken." Honaker & Feeney v. Hartley, 140 Va. 1, 15, 124 S.E. 220, 224 (1924). "If an employer refuses to pay a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable, even if it is later proven misplaced or in error." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 201, 336 S.E.2d 903, 907 (1985).

Here, the deputy commissioner agreed with employer's position as to claimant's cure of his unjustified refusal of selective employment. Clearly, then, though the full commission reversed the deputy's decision on this point, there exists "a reasonable and an honest difference of opinion" as to what legally sufficed as a cure. Therefore, claimant is not entitled to attorney's fees and costs associated with this appeal.

## CONCLUSION

We hold that the commission did not err in determining that claimant's efforts were legally sufficient to constitute a cure of his unjustified refusal of selective employment. We find that, despite this holding, employer did not bring this appeal "without reasonable grounds." Accordingly, we affirm the decision of the commission and deny claimant's request to award him attorney's fees and costs.

Affirmed.