# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Commonwealth of Virginia

    v.

John Edward McLean

June 12, 2015

Case No. (Criminal) CR14-884

By Judge John W. Brown

This matter is before the Court on the defendant's motion to reconsider the denial of his motion to suppress evidence seized following the traffic stop of a vehicle in which he was a passenger. For the reasons that follow, the Court denies the defendant's motion to reconsider.

The defendant argues that the evidence seized should be suppressed because the officers prolonged a lawful traffic stop to conduct a canine sniff without reasonable articulable suspicion of criminal activity. The defendant relies upon the recent Supreme Court of United States opinion in *Rodriguez v. United States*, which held that a traffic stop may not be prolonged beyond its initial purpose in order for officers to conduct a canine sniff. 135 S. Ct. 1609 (2015). This decision reversed *United States v. Rodriguez*, 741 F.3d 905 (8th Cir. 2014), on which this Court relied in part in denying the defendant's motion to suppress.

This reversal, however, merely begins the Court's inquiry regarding the defendant's motion. In *Davis v. United States*, 131 S. Ct. 2419 (2011), the Supreme Court of United States held that the exclusionary rule does not apply to bar the introduction of evidence obtained "in compliance with binding precedent that is later overruled." *Id.* at 2423.

In the instant case, such binding appellate precedent existed at the time the officers conducted a canine sniff of the defendant's car. *See Ellis v. Commonwealth*, 52 Va. App. 220, 226–27 (2008) (*de minimis* extension of traffic stop to conduct questioning regarding drugs did not violate the defendant's Fourth Amendment rights);[1] *United States v. Green*, 740 F.3d

---

[1] "[T]his case presents a situation where the justification for the stop (a vehicle equipment violation) existed from the beginning of the stop up until the moment of consent — the only constitutional wrinkle being a one-minute interval where the officer asked questions unrelated to the justification. The question we must answer is whether such a *de minimis*

275, 280 (4th Cir. 2014) (four-minute delay to obtain defendant's criminal history and conduct canine sniff did not violate Fourth Amendment). The decision of the Fourth Circuit Court of Appeals is not binding on this Court; however, its holding was binding on all law enforcement officers operating within the Fourth Circuit at the time of the stop at issue in the case at bar. For instance, were the officers the subject of a 42 U.S.C. § 1983 civil suit, *United States v. Green* would certainly be relevant to their defense, as it likewise would be if evidence obtained by the officers was introduced in a federal case. Furthermore, unreported decisions of the Court of Appeals of Virginia support the legality of the canine sniff at issue. *See, e.g., Coleman v. Commonwealth*, 2009 Va. App. LEXIS 431 (2009) (citing with approval *de minimis* United States Court of Appeals dog sniff precedent). *Stokes v. Commonwealth*, 61 Va. App. 388, 395, n. 3 (2013) ("Although an unpublished opinion of the Court has no precedential value, a court . . . does not err by considering the rationale and adopting it to the extent it is persuasive." (quoting *Fairfax Cnty. Sch. Bd. v. Rose*, 29 Va. App. 32, 39, n. 3, 509 S.E.2d 525, 528, n. 3 (1999) (*en banc*))).

> It is one thing for the criminal "to go free because the constable has blundered." It is quite another to set the criminal free because the constable has scrupulously adhered to governing law. Excluding evidence in such cases deters no police misconduct and imposes substantial social costs. [W]hen the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply.

*Davis*, 131 S. Ct. at 2434 (quoting *People v. Defore*, 150 N.E. 585, 587 (N.Y. 1926) (Cardozo, J.)). Accordingly, the defendant's motion to reconsider is denied.

---

delay, caused by questioning unrelated to the specific reason for the detention, invalidates a later, voluntary consent to search." *Id.* at 226. This Court notes that express questioning of a defendant is more direct and intrusive than conducting a canine sniff.