COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


METRO BUILDING SUPPLY, INC., ET AL.

v.   Record No.  1946-95-4        MEMORANDUM OPINION[*] BY
                                  CHIEF JUDGE NORMAN K. MOON
ROBERT CHARLES CHRISTIANSEN, JR.        MARCH 5, 1996


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Joseph C. Veith, III (Montedonico, Hamilton &
              Altman, P.C., on briefs), for appellants.

              Craig A. Brown (Ashcraft & Gerel, on brief),
              for appellee.



     Metro Building Supply, Inc. appeals the commission's ruling

that Robert C. Christiansen, Jr., cured his earlier refusal of

light duty employment through acceptance of a comparable job with

Professional Boiler Works.  We affirm the commission's ruling.

     The issue in this case is cure of an unjustified refusal of

selective employment.  In Christiansen v. Metro Building Supply,

Inc., 18 Va. App. 721, 447 S.E.2d 519 (1994), we held that

Christiansen could cure an unjustified refusal to accept

selective employment at Metro Building Supply if he found and

accepted a job comparable to the one he had refused.  We also

found that as a matter of law, Christiansen had not cured his

unjustified refusal through acceptance of a job at Professional

Boiler Works.  This ruling was based on the apparently

_____
       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

substantial discrepancy between the salary at the light duty job that Christiansen refused and his earnings at Professional Boiler Works.

On rehearing, we determined that our assumptions concerning the earnings at the two jobs were inaccurate, and that the earnings were issues of fact that should be determined by the commission. We therefore remanded the case to the commission for findings of fact and conclusions of law as to whether under Virginia Wayside Furniture, Inc. v. Burnette, 17 Va. App. 74, 435 S.E.2d 156 (1993), Christiansen had cured his prior justified refusal of selective employment. Christiansen v. Metro Building Supply, 19 Va. App. 513, 453 S.E.2d 302 (1995).

On remand, the commission did not take new evidence, instead deciding the issue on the record before it. In the opinion on reconsideration, this Court stated that it could not decide the issue as a matter of law "on this record". Based on this statement, Metro Building Supply argues that the commission erred in not supplementing the record. However, the Court did not require the commission to take more evidence. The Court determined that it could not, on review, make the factual findings necessary to decide the issue, and remanded the case so the commission could do so. The commission has complied with the Court's mandate.

Whether an employee has cured an unjustified refusal of selective employment by securing a comparable job elsewhere is determined by an objective standard of reasonableness and depends

on the particular circumstances of each situation. Virginia Wayside Furniture, 17 Va. App. at 79; 435 S.E.2d at 160. On review, we view the evidence on this question in the light most favorable to Christiansen, the prevailing party below. National Linen Service v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 33 (1989). Where, as here, there is no conflict in the evidence, the question of sufficiency of the evidence is one of law. Id.

The commission determined that Christiansen had earned $380 per week in the light duty job at Metro Building Supply. Metro Building Supply does not dispute this finding. It also found that Christiansen's new light duty job would pay an average wage of $340 to $380 per week. The commission went on to state that when the hearing was held, Christiansen's time at the new job had been too brief to establish an average weekly wage. Nonetheless, in the commission's view the earnings in this job were close enough to that of the job he had abandoned to establish a cure of the prior unjustified refusal.

The commission's findings were based on pay stub information and testimony concerning Christiansen's earnings for his first two weeks on the job with Professional Boiler Works. This evidence showed a guaranteed wage of $340 per week, i.e., 40 hours per week at $8.50 per hour, with the possibility of "an hour or two" of overtime. In his first week on the job, Christiansen earned $352.75, including overtime. These figures, which the parties do not dispute, establish the general range of earnings in the new job. They do not, however, support the

- 3 -

commission's finding that the upper bound of that range was $380 per week. Allowing for the maximum overtime supported by the evidence, the most Christiansen could make per week is $365.50.

Thus, undisputed evidence shows that Christiansen's current job has earnings that are between 10.5 % and 4% less than the job he unjustifiably refused. Viewing the evidence in the light most favorable to the claimant, we hold that credible evidence supported the commission's finding that Christiansen has cured his earlier unjustified refusal of selective employment. The wages of the two jobs need not be identical, but merely comparable. Virginia Wayside Furniture, 17 Va. App. at 79-80, 435 S.E.2d at 160. Therefore, the commission did not err in ruling that the claimant's job at Professional Boiler Works meets this standard.

For these reasons, the decision of the commission is affirmed.

Affirmed.