COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


EARL R. TOOMBS AND VIRGINIA FORESTRY
 GROUP SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION* BY
v.    Record No. 0109-99-2           JUDGE ROBERT P. FRANK
                                        NOVEMBER 9, 1999
RAYMOND SMITH


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Andrew R. Blair (Andrew R. Blair, A
          Professional Corporation, on brief), for
          appellant.

          George H. Bagwell (Bagwell & Bagwell, P.C.,
          on brief), for appellee.


     Earl R. Toombs and Virginia Forestry Group Self-Insurance

Association (appellants) appeal the Workers' Compensation

Commission's (commission) award of permanent total disability

benefits to Raymond Smith (claimant).  Appellants argue 1) the

commission erred in failing to consider the potential impact of

future vocational rehabilitation and 2) there was not credible

evidence to support the award of permanent total disability

benefits.  Finding appellants' arguments unpersuasive, we affirm

the commission's decision.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

## I.  PROCEDURAL BACKGROUND

Claimant was employed as a truck driver by appellant Earl R. Toombs when he was injured in a work-related accident on July 16, 1985.  Claimant suffered injuries to his brain and shoulder when a log rolled from a truck and struck him.  Pursuant to a Memorandum of Agreement, claimant received temporary total disability benefits in the weekly amount of $121.03 from July 24, 1985 through February 21, 1995, when the 500-week maximum was reached.  On July 16, 1996, claimant filed a claim for permanent total disability benefits.  The deputy commissioner denied the claim for permanent total disability benefits.  The commission reversed the deputy commissioner's decision and awarded claimant permanent total disability benefits.

## II.  ANALYSIS

Appellants challenge the commission's award of permanent total disability benefits on the basis that 1) the commission failed to consider the potential impact of a future vocational rehabilitation program[1] and 2) there was not credible evidence to support the commission's award.  We find appellants' arguments without merit, and affirm the commission's decision.

---

[1] While appellants briefed the issue of permanent unemployability under former Code § 65.1-56(18) and Barnett v. Bromwell, 6 Va. App. 30, 366 S.E.2d 271 (1986) (en banc), we do not reach this issue because it was not included in appellants' Questions Presented.  See Rule 5A:20(c)-(e).

-

"'Factual findings of the [Workers' Compensation] Commission will be upheld on appeal if supported by credible evidence.'" Tumlin v. Goodyear Tire & Rubber, 18 Va. App. 375, 378, 444 S.E.2d 22, 23 (1994) (quoting James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989)). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citing Capitol Steel Constr. Co., 8 Va. App. at 515, 382 S.E.2d at 488). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id. (citing Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985)). "'A question raised by conflicting medical opinion is a question of fact.'" Dan River, Inc. v. Turner, 3 Va. App. 592, 596, 352 S.E.2d 18, 20 (1987) (quoting Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986)).

It is clear that the commission considered the impact of future vocational rehabilitation. In its opinion, the commission discussed in detail the recommendations for vocational rehabilitation from Drs. Kreutzer and Cifu and James Dinger, a vocational consultant. The commission considered the type and degree of the vocational rehabilitation that the

-

doctors and Mr. Dinger opined could return claimant to competitive employment.  The commission concluded, "While we acknowledge the conclusions of Drs. Kreutzer and Cifu that [claimant] may be able to return to employment with extensive rehabilitation, the conclusions appear speculative."  We hold, therefore, that the commission considered the evidence that claimant could return to competitive employment with extensive vocational rehabilitation.  We will not disturb the commission's determination that the success of vocational rehabilitation for claimant was speculative.

We find that credible evidence existed in the record to support the commission's award of permanent total disability benefits.  There was medical evidence in the record that documented the permanent injury to claimant's brain, his cognitive deficits such as impaired ability in memory function, concentration, reading, and learning, and his IQ level of 58. There was evidence that claimant cannot remember his social security number, his telephone number, or his date of birth. Claimant is unable to remember where his relatives live and needs written directions to drive to unfamiliar areas.  He must be reminded by his girlfriend to bathe, brush his teeth, comb his hair, and change his clothing.  Claimant suffers from low back pain and painful headaches that affect his vision in his right eye.

-

John A. Proffit, Jr., a vocational consultant, reviewed claimant's medical records and interviewed claimant. In his January 27, 1997 report, he opined that claimant would be unable to return to his preinjury employment as a truck driver, and stated that claimant "is not employable now or in the future and he is permanently disabled."

Drs. Sanders and Kreutzer's report of October 17, 1996 discussed claimant's neuropsychological test results and stated, "Given the severity of impairments, Mr. Smith is not employable at the current time and it is highly unlikely that he will be employable in the future."

In July 1997, Dr. Kreutzer wrote a letter to appellant's attorney stating that claimant was "capable of sustaining competitive meaningful employment." During his deposition, Dr. Kreutzer explained the variance between the conclusion in his October 17, 1996 report and the conclusion in the July 1997 letter. He stated that the original opinion that claimant was unemployable was based on the impression that claimant was not motivated to return to work. Dr. Kreutzer also stated that claimant's unwillingness to follow his doctors' recommendations was out of desire for secondary gain. Dr. Kreutzer conceded that these impressions were not included in the October 17, 1996 report.

The commission chose to reject Dr. Kreutzer's July 1997 opinion that claimant could sustain competitive employment and

-

Dr. Cifu's conclusion that claimant could return to his preinjury employment. Instead, the commission relied on Dr. Kreutzer's initial evaluation of claimant, Mr. Proffitt's conclusions that claimant is unemployable, and the testimony regarding claimant's ability to function in a nonvocational environment.

The commission weighed the evidence and made credibility determinations. We will not reverse those determinations on appeal. Therefore, we hold that there was credible evidence in the record to support the commission's award of permanent total disability benefits.

### III. CONCLUSION

For these reasons, we hold the commission considered the impact of vocational rehabilitation for claimant and that there was credible evidence in the record to support the commission's award of permanent total disability benefits. Therefore, the commission's award of permanent total disability benefits is affirmed.

<u>Affirmed</u>.

-