# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

George Q. Martin, Sr.

May 5, 2015

Case No. (Criminal) CR14-3121

BY JUDGE DAVID W. LANNETTI

Today the Court rules on the Motion To Suppress filed by Defendant George Q. Martin, Sr. The three issues before the Court are: (1) whether Martin has standing to bring his Motion To Suppress, (2) whether the search of the vehicle was justified by probable cause, and (3) whether, in the absence of probable cause, the inevitable discovery doctrine would apply. The Court finds that Martin has standing to challenge the search of the vehicle, the search was supported by probable cause, and, even if probable cause did not exist, inevitable discovery would support admittance of the evidence at issue. The Court therefore denies the Motion To Suppress.

## Background

Martin was driving a motor vehicle in the City of Norfolk on August 16, 2014, at around midnight. Norfolk Police Officers White and Ingram (the "Officers"), who were in a marked patrol car, were traveling in the same area when they noticed Martin's vehicle driving without its headlights on. One of the Officers activated the vehicle emergency lights to initiate a traffic stop. Martin did not stop his vehicle right away. While following Martin's vehicle and with a clear view of Martin, the Officers observed Martin throw an object out of his vehicle's window into an open field. According

to the Officers, no one else was in the vicinity at the time. Martin pulled into a neighborhood and stopped his vehicle shortly thereafter. One of the Officers retrieved the item thrown by Martin, which was a container with suspected cocaine. When stopped, Martin failed to follow instructions from the Officers and was arrested. When the Officers ran Martin's identification, they discovered he was driving on a suspended license. The Officers conducted a search incident to arrest and found $1,137 in cash on Martin's person. The Officers then searched the vehicle and found marijuana in the center console, additional marijuana in a book bag in the back seat, $50 in cash, an electronic scale, and a box of plastic bags. Martin was charged with driving without headlights, eluding police, driving on a suspended license, and possession of cocaine with intent to distribute. Martin was found guilty of all charges except the pending possession of cocaine with intent to distribute charge, which underlies the Motion To Suppress now before the Court.

The Motion To Suppress came before the Court on April 27, 2015, for a hearing. The Court heard testimony from the Officers and argument from counsel. The Court granted leave for the parties to file post-hearing briefs in support of their respective positions.

## Positions of the Parties

### A. Martin's Motion To Suppress and Supporting Brief

Martin presents his Motion To Suppress alleging lack of probable cause to search the vehicle and inapplicability of the inevitable discovery doctrine. (Br. in Supp. 1-4.) Martin asserts that the Commonwealth put on "no evidence whatsoever at the April 27, 2015, suppression hearing as to why the car was searched." (*Id.* at 2.) In reliance thereon, Martin states that the Commonwealth has not met its burden of demonstrating why the vehicle was searched and that all evidence recovered from the search, therefore, should be suppressed. (*Id.* at 3.) Martin then discusses the inevitable discovery doctrine, arguing that the doctrine does not apply because "the Commonwealth has presented not even a shred of evidence at the hearing in this matter to show how and why the inevitable discovery doctrine should apply." (*Id.* at 4.)

### B. The Commonwealth's Memorandum in Opposition to Martin's Motion To Suppress

The Commonwealth relies on three arguments in its Memorandum in Opposition. First, it argues that Martin was lawfully arrested and that a search warrant, therefore, was not required. (Mem. in Opp. 2.) It asserts that the stop and arrest were based on probable cause and that resultant evidence therefore should not be suppressed. (*Id.* at 3.)

The Commonwealth next focuses on the issue of standing. Its position is that Martin does not have standing to challenge either the seizure of the container of suspected cocaine thrown from the vehicle or the search of the vehicle. (*Id.* at 3-4.) It argues that Martin abandoned the container by throwing it out the vehicle's window and that Martin "made no showing that he has standing to contest the search of the vehicle." (*Id.* at 4.)

The Commonwealth's final argument is that, even assuming Martin has standing to challenge the search of the vehicle, the search still was proper; it claims that the facts and circumstances leading up to the search gave "reason to believe" that there were "additional drugs and/or paraphernalia" in the vehicle. (*Id.* at 4-5.) The Commonwealth does not address in its brief the inevitable discovery argument it presented at the hearing.

*Analysis*

A. *Legal Standard*

Pursuant to the exclusionary rule, evidence must be suppressed if it is seized by the government in violation of the Fourth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). A court shall exclude evidence that was obtained (1) as a direct result of an illegal search and seizure or (2) as a proximate result of an illegal search and seizure. *Wong Sun v. United States*, 371 U.S. 471, 485-86 (1963).

Warrantless searches are considered *per se* unreasonable and unlawful under the Fourth Amendment. *Derr v. Commonwealth*, 6 Va. App. 215, 219, 368 S.E.2d 916, 918 (1988). Certain exceptions apply to this general rule, however. Under the "automobile exception," police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime. *Id.* Probable cause "exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *Taylor v. Commonwealth*, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981). Police officers who have probable cause to search a vehicle can search the entire vehicle, including all closed containers that might contain evidence related to the object of the search. *White v. Commonwealth*, 24 Va. App. 446, 451-52, 482 S.E.2d 876, 878-79 (1997).

Inevitable discovery also is an exception to the exclusionary rule. *Walls v. Commonwealth*, 2 Va. App. 639, 655, 347 S.E.2d 175, 184 (1986). The Supreme Court of Virginia has adopted the *Cherry* test regarding inevitable discovery. *See Commonwealth v. Jones*, 267 Va. 532, 536, 593 S.E.2d 204, 206-07 (2004). In order to take advantage of the inevitable discovery doctrine, the prosecution must show:

(1) a reasonable probability that the evidence in question would have been discovered by lawful means but for the police misconduct, (2) that the leads making the discovery inevitable were possessed by the police at the time of the misconduct, and (3) that the police also prior to the misconduct were actively pursuing the alternative line of investigation.

*United States v. Cherry*, 759 F.2d 1196, 1204 (5th Cir. 1985).

A defendant has the burden of establishing standing to bring a motion to suppress. *Sharpe v. Commonwealth*, 44 Va. App. 448, 455, 605 S.E. 2d 346, 349 (2004). Of note, an automobile driver does not automatically have standing to challenge the search of the vehicle being driven; he or she must prove lawful possession of the vehicle. *Delong v. Commonwealth*, 234 Va. 357, 363, 362 S.E.2d 669, 672 (1987). Further, the defendant can only succeed on a Fourth Amendment violation claim if he or she possesses a reasonable expectation of privacy in the object seized or the place searched. *Rakas v. Illinois*, 439 U.S. 128 (1978); *Sheler v. Commonwealth*, 38 Va. App. 465, 476, 566 S.E.2d 203, 208 (2002). An individual does not have a reasonable expectation of privacy in property that he or she voluntarily abandoned by relinquishing possession and disclaiming ownership. *Wechsler v. Commonwealth*, 20 Va. App. 162, 173, 455 S.E.2d 744, 749 (1995).

When responding to a motion to suppress, the Commonwealth has the burden to prove admissibility of the seized evidence by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). Police actions are tested based on objective reasonableness without regard to the underlying intent or motivation of the officers. *Poindexter v. Commonwealth*, 16 Va. App. 730, 734, 432 S.E.2d 527, 529-30 (1993).

## B. *Discussion*

The Court has considered the pleadings, testimony and oral argument at the April 27, 2015, hearing, and applicable authorities. This Opinion provides the Court's ruling on the three issues before the Court.

### 1. *Martin Has Standing To Challenge the Search of the Vehicle*

The Commonwealth did not raise the issue of standing at the April 27, 2015, hearing, but rather argued it for the first time on post-hearing brief. (Mem. in Opp. 3-4.) At the hearing, the vehicle was characterized as Martin's vehicle, and, as mentioned, there was no challenge to standing; additionally, Martin refers to the vehicle as "Defendant's vehicle" in his Motion To Suppress, (Mot. To Suppress 1), and as "his vehicle" in his supporting brief. (Br. in Supp. 2.) For purposes of this Motion To Suppress, the Court finds that Martin has standing to challenge the search of the

vehicle, either as owner of the vehicle or because he was the sole occupant and in lawful possession of the vehicle at the time of the stop.

Based on the Motion To Suppress, Martin apparently is not seeking to suppress admittance of the container of suspected cocaine found outside of the vehicle as evidence. Although the Motion To Suppress specifically targets "any contraband and/or statements made by Defendant after the warrantless seizure of his person and the warrantless search of Defendant's vehicle," (Mot. To Suppress 1), at no time in his Motion To Suppress does Martin request suppression of the container with suspected cocaine. Nevertheless, to the extent the Motion To Suppress is viewed to include a request to suppress the container of suspected cocaine, the Court finds that Martin does *not* have standing to seek suppression of that evidence. It is reasonable to conclude — for purposes of this Motion To Suppress — that Martin abandoned the container of suspected cocaine by throwing it out his vehicle window, and Martin cannot persuasively argue that he has a privacy interest in property that he abandoned. *Wechsler*, 20 Va. App. at 173, 455 S.E.2d at 749.

## 2. *The Officers Had Probable Cause To Search the Vehicle*

An automobile can be stopped and searched without a warrant if there is probable cause to believe that it contains evidence of a crime. *Derr*, 6 Va. App. at 219, 368 S.E.2d at 918. Here, the Officers had probable cause to believe that the vehicle contained evidence of a crime. In establishing probable cause, the Officers relied on Martin's actions of driving without headlights, driving on a suspended license, eluding law enforcement, carrying a significant amount of cash, and discarding the container with suspected cocaine. The Court finds that all of these facts taken together support a finding of probable cause. The Court, therefore, concludes that the search of Martin's vehicle was supported by probable cause and does not offend the Fourth Amendment of the United States.

Counsel for Martin mentioned during closing argument at the hearing and in his post-hearing brief that the vehicle ended up in the driveway of Martin's aunt when Martin finally elected to pull over (Br. in Supp. 2), but Martin did not present any evidence of this at the hearing. Even if this fact were in evidence, it does not affect the Court's determination — for purposes of the Motion To Suppress — that probable cause justified the contemporaneous search of the vehicle. When police have probable cause to believe that a vehicle is the fruit of a crime or that it may contain evidence of a crime, they are justified in searching the vehicle, even when such a search is on private property. *Thims v. Commonwealth*, 218 Va. 85, 91-92, 235 S.E.2d 443, 447 (1977).

Normally a warrant is required for searches on private property, but exigent circumstances and the inherent mobility of automobiles provide the police additional leeway when searching a vehicle on private property

if probable cause exists to support the belief that the vehicle is the fruit of criminal activity or contains evidence of a crime. *See Thims,* 218 Va. at 91-92, 235 S.E.2d at 447.

*3. Assuming, Arguendo, That There Was No Probable Cause To Search the Vehicle, Inevitable Discovery Would Have Cured the Improper Search*

The Court need not look at the issue of inevitable discovery because, as discussed *supra,* there was evidence to support a finding of probable cause to search the vehicle. The Court, nevertheless, elects to briefly discuss inevitable discovery because the parties raised the issue at the April 27, 2015, hearing. The Court finds that, independently of the probable cause that existed to justify the search, inevitable discovery would have led to discovery of the evidence within Martin's vehicle, thereby curing any improper search.

The Court reiterates its finding that the search was proper and supported by probable cause.

The Court relies in part on an analogous Virginia Court of Appeals case wherein the Commonwealth argued that a subsequent inventory search of a vehicle inevitably would have led to the discovery of contraband. *See Coles v. Commonwealth,* 1996 Va. App. lexis 209 (Va. App. Mar. 26, 1996).

As is appropriate, the Court does not consider the unpublished Court of Appeals Opinion to hold precedential value. The Court instead considers the rationale offered by the Court of Appeals to the extent that the Court finds it persuasive, which is permissible. *See Fairfax County School Board v. Rose,* 29 Va. App. 32, 39, n. 3, 509 S.E.2d 525 (1999) ("[A]lthough an unpublished opinion ... has no precedential value ... a court ... does not err by considering the rationale in adopting it to the extent it is persuasive.").

. In *Coles,* the Court of Appeals held that the police "could have towed the vehicle and conducted an inventory search because appellant was already under arrest for the unrelated breaking and entering charge." *Coles,* 1996 Va. App. lexis, at \*6. The Court found that, under these circumstances, the requirements of the inevitable discovery doctrine were met. *Id.* The facts in the present case lead this Court to a similar conclusion. The Officers here could have towed the vehicle as a result of the arrest and, subsequently, conducted an inventory search of the vehicle. It, therefore, was excusable, even absent existence of probable cause, for the Officers to search the vehicle contemporaneously with the arrest. The Court, therefore, finds that, even if there were no probable cause, the doctrine of inevitable discovery would have cured any improper search.

*Conclusion*

The Court denies Martin's Motion To Suppress.